# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE ASACOL ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>All Actions | Civil Action No. 1:15-cv-12730 (DJC)<br><br>JURY TRIAL DEMANDED |

## [PROPOSED] AMENDED STIPULATED PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), by and between the parties to the above-styled consolidated class action ("Actions"), including Defendants Warner Chilcott Limited, Warner Chilcott (US) LLC, Warner Chilcott Sales (US), LLC, Warner Chilcott Co. LLC,, Allergan plc, Allergan Inc., Allergan USA, Inc., and Allergan Sales, LLC (collectively, "Defendants") and Plaintiffs in 15-cv-12730 ("End- Payor Plaintiffs" and "Direct Purchaser Plaintiffs", collectively "Plaintiffs"), through their respective counsel, agree that the terms and conditions of this Amended Stipulated Protective Order shall govern the production and handling of documents, items, or other information exchanged by the Parties or Non-Parties in the Actions (including, without limitation, document productions, responses to interrogatories, requests for admissions, pleadings, exhibits, and deposition or other testimony), regardless of the medium or manner in which any such materials are generated, stored, or maintained. This includes any material produced, filed, or served by any Party or Non-Party during discovery in these Actions or any information included in any such material. The Court, finding that good cause exists for entry of a protective order in the Actions to prevent unauthorized disclosure and use of the parties' trade secrets and other confidential information during and after the course of the litigation,

1

**HEREBY ORDERS AS FOLLOWS:**

1.  **Materials Covered.**   This Order governs the handling of Confidential Information—i.e., information properly designated as "Confidential" or "Highly Confidential" (as discussed below)—and applies to all Discovery Materials produced, given, or exchanged by any Party or non-Party (the "Producing Party" or "Non-Party") in the Litigation.   Plaintiffs and Defendants, as well as their officers, directors, current employees, former employees, agents, and legal counsel, are referred to collectively as the "Parties" and individually as the "Party." Any Party or other person, including Non-Party recipients of discovery requests/subpoenas, may, based on a good-faith belief that such materials are entitled to protection under Federal Rule of Civil Procedure 26(c) or other applicable law, designate all or any part of a document, discovery response, deposition, or other material which that Party or Non-Party produces, serves, or provides in connection with these Actions as "Confidential Material" or "Highly Confidential Material," as described below.   The designation of any material as Confidential or Highly Confidential Material shall constitute a representation that the Producing Party or Non-Party has made a good-faith determination that any such material so designated is confidential or subject to protection under Federal Rule 26 and this Order.

   a.   **"Confidential Material"** shall mean private or confidential personal information and nonpublic material that constitutes confidential research, development, or commercial information that the Party or Non-Party producing the designated material (the "Designating Party") in good faith believes deserves protection under Fed. R. Civ. P. 26(c)(1)(G). This includes information received in confidence from third parties, so long as the Designating Party has a good-faith belief that the information is entitled to protection under Federal Rule of Civil Procedure 26(c) or other applicable law.

2

b.    **"Highly Confidential Material"** shall mean nonpublic, highly sensitive commercial or personal information that a Party or Non-Party believes in good faith would, if disclosed to another Party or Non-Party, be highly likely to cause significant competitive or commercial disadvantage.  Highly Confidential Material may include (but is not limited to) nonpublic, highly sensitive (a) information related to pricing (including but not limited to credits, discounts, returns, allowances, rebates, and chargebacks); (b) projected future sales, volumes, profits, revenue, and costs; (c) claims and reimbursement data; (d) distribution agreements with third parties, including wholesalers; (e) transactional data; (f) information protected by foreign, federal, or state privacy laws; (g) information related to settlement of litigation or negotiations thereof; (h) information relating to research, development, and testing of, or production or plans for, a Party's existing or proposed future products; (i) information relating to the processes, apparatus, or analytical techniques used by a Party or Non-Party in its present or proposed commercial production of such products; (j) information relating to compliance with product safety or other government regulation; (k) information relating to pending or abandoned patent applications which have not been made available to the public; (l) personnel files; (m) communications regarding any Highly Confidential Material that themselves meet the definition of Highly Confidential Material; and (n) other materials that contain current trade secrets.  Before material is designated Highly Confidential as a trade secret under this subparagraph the Designating Party will make a good-faith effort to evaluate whether that material meets the requirements for trade secrets under applicable law.

c.    Notwithstanding any of the foregoing, information that is in the public domain or which is already known by the Party receiving the material (the "Receiving Party") through proper means or which is or becomes available to a Party from a source other than the Party or Non-Party

asserting confidentiality, rightfully in possession of such material on a non-confidential basis, shall be presumed non-confidential material under this Stipulated Protective Order.

        d.      Any material, whether or not filed with the Court, that contains Confidential Information for which the Producing Party or Non-Party seeks protection under this Order shall be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as follows.  For documents in hard-copy form or modifiable electronic format, such designation shall be by affixing a legend, stamp, or watermark to each page of the document, or portion thereof, that is deemed Confidential or Highly Confidential in such a way as not to obscure any part of the text or content.  A Party or Non-Party may designate natively produced electronic documents and other non-imaged media as "Confidential" or "Highly Confidential," as appropriate, by noting such designation in an accompanying cover letter and, to the extent possible, by affixing a legend or stamp to the media itself (i.e., disc, hard-drive, etc.) on which the material is provided, and including the appropriate confidentiality designation in the load file provided with the electronic production.  Whenever any Party to whom electronically stored documents reduces such documents to hardcopy form, that Party shall designate the hard-copy documents with a legend, stamp, or watermark as provided in this Paragraph.

        e.      Deposition testimony provided in this litigation may be designated as Confidential Material or as Highly Confidential Material by any Party or Non-Party if the testimony concerns or relates to that Party's or Non-Party's Confidential Material or Highly Confidential Material, subject to Paragraph 17.  Counsel desiring to designate any portion of testimony as Confidential Material or Highly Confidential Material shall do so by so stating orally on the record on the day that the testimony is being given.  If a Designating Party in good faith indicates by oral designation that Confidential or Highly Confidential Material will be used or elicited during a line of

questioning, the Designating Party may request that the portion of the deposition be taken only in the presence of persons entitled to access to such information under this Order, which shall include the deponent's counsel (if any).   Additionally, any Party or Non-Party may designate any or all portions of the transcript and/or video of any deposition as containing Confidential Material or Highly Confidential Material in accordance with this Order by notifying all other Parties in writing, within thirty (30) days of receipt of the transcript and/or video that contains Confidential Material or Highly Confidential Material and designating the specific pages and/or lines as containing Confidential or Highly Confidential Material.   Confidentiality designations of transcripts will apply to audio, video, or other recordings of testimony.   All transcripts and/or videos shall be treated as Highly Confidential Material and subject to this Protective Order until a time thirty (30) days after a final, official (non-draft) transcript or video of the deposition (or other testimony) are received.   Until the thirty-day period has expired, counsel will not permit the deposition transcript, including exhibits, to be distributed to persons beyond those specified in Paragraph 4, other than the deponent, and shall treat the deposition as Highly Confidential Material under this Order. If, prior to the expiration of the thirty-day period, a Party wishes to file any motion or pleading that will include reference to, or attach as exhibits, any portion of the deposition transcript or confidential exhibits thereto, the Party shall treat the transcript or confidential exhibits as Highly Confidential Material. Any portion of any deposition testimony that is not designated as Confidential Material or Highly Confidential Material in accordance with Paragraph 1 hereof, within thirty (30) days after a final, official (non-draft) transcript and/or video of the deposition are received, shall not be entitled to the protections afforded under this Protective Order. Assuming that the court reporter / stenographer has the means of doing so, the Parties agree that the following designations may be placed on the front page of each transcript: (i) for

5

depositions in which Confidential Material is disclosed or discussed, the front page of the transcript shall be marked with the legend "Confidential information contained on page(s) ___"; and (ii) for depositions in which Highly Confidential Material is disclosed or discussed, the front page of the transcript shall be marked with the legend "Highly Confidential information contained on page(s) ___." In either case, such legend (and accompanying treatment) shall apply only to the specific pages (or portions of pages) that have been so designated, and not the entire transcript. Any video cassettes (or other storage media) containing Confidential or Highly Confidential testimony shall be so designated in accordance with the provisions of this Protective Order. For oral disclosures other than deposition testimony, a Party may, in writing, within ten (10) business days of the disclosure, designate the disclosure, or part(s) thereof, as Confidential Material or Highly Confidential Material.

     f.     Any document produced (or material containing information from a document produced), any deposition transcripts or exhibits, any expert reports, any filings, and other materials from underlying patent litigations involving any of the Parties in these Actions, that were designated therein as confidential or highly confidential shall be treated as Highly Confidential Material under this Order, unless the original source of the document agrees, the document has since become public, or the Court orders otherwise.

     g.     Any Confidential Material or Highly Confidential Material that was exchanged by the Parties prior to execution of this Order are also subject to the provisions of this Order.

     h.     Notwithstanding any contrary provision of this Paragraph, each Party retains the right to redesignate documents and things, and deposition testimony and other oral disclosures, subject to Paragraph 9. Upon such redesignation, each Party and Non-Party shall in good faith

endeavor to treat such written materials and oral disclosures in accordance with such designation from that time forward.

**2.**   **Use of Materials and Declaration.**

a.   All Confidential Information shall be used solely in furtherance of the prosecution, defense, or attempted settlement of these Actions, shall not be used at any time for any other purpose whatsoever, and shall not be disclosed to or made accessible to any person except as specifically permitted by this Order.   All materials designated "Confidential" or "Highly Confidential" must be stored and maintained by the Receiving Party in a manner no less secure than a Receiving Party would store and maintain its own confidential material or that of its clients. Upon conclusion of these Actions, a Receiving Party must comply with the provisions of Paragraph 7 below regarding return or destruction of Confidential and Highly Confidential Materials.

b.   Each person to whom Confidential or Highly Confidential Material is disclosed, except the persons identified in Paragraphs 3(a)-(b), (d), (g)-(h) and 4(a)-(c), (f) below, shall execute a Declaration in the form annexed hereto as Exhibit A, and shall agree to be bound by this Order, before receiving Confidential or Highly Confidential Material.  Counsel for each Party shall maintain the executed Declarations and need not provide copies to any other Party unless there is a genuine dispute between the Parties concerning the person's handling of Confidential or Highly Confidential Material, or except as expressly provided for herein.

c.   Notwithstanding any contrary provision in this Order, a Party is permitted to disclose Confidential and Highly Confidential Material to the extent required by a valid subpoena or other valid legal process, provided that the procedures in this paragraph are followed. The Party that has received a valid subpoena or other valid legal process (the "Subpoenaed Party") must

provide the Designating Party with written notice of such subpoena or other legal process, via telephone and electronic mail/PDF or hand delivery, immediately upon receipt but in no event later than within three (3) business days of receiving the subpoena or a lesser period if ordered by the Court ("the Response Period"), in order to afford the Designating Party an opportunity to object. The Subpoenaed Party shall also inform the persons seeking discovery in writing (with copy to the Designating Party) that providing the information may be a violation of this Protective Order. If the Designating Party does not move for a protective order within the time allowed for production by the subpoena or request, or within any such extension that may be granted, and give written notice of such motion to the Subpoenaed Party, the Subpoenaed Party may commence production in response to the subpoena or request. The Subpoenaed Party will not produce any of the Confidential or Highly Confidential Material while a motion for a protective order brought by the Designated Party pursuant to this paragraph is pending, or while an appeal from or request for appellate review of such motion is pending, unless the Court orders production of the material that is subject to this Order. In such case, production of such material pursuant to that Court Order shall not be deemed a violation of this Protective Order. The Designating Party or Non-Party will bear the burden and all costs of opposing the subpoena on grounds of confidentiality.

3.     **Disclosure of Confidential Materials.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, disclosure of Confidential Materials may be made only to:

a.     the Court, its secretaries, clerks, law clerks, and other support staff;

b.     outside counsel of record in the Actions and their retained economists and employed or retained support staff, secretaries, paralegals, legal assistants, and support services (including, without limitation, copy services, litigation consultants, document management

services, graphics services, outside exhibit preparation companies, independent support services personnel, and database/coding service personnel) (this category hereinafter referred to as "Outside Counsel");

c. up to four (4) in-house legal personnel for each Party, names to be provided under separate cover, as well as the secretarial and clerical employees of each Party who work regularly with in-house legal personnel for the sole purpose of assisting with the Actions. Provided, however, that any in-house legal personnel directly responsible for the preparation or prosecution of patent applications related to mesalamine (excluding participation in post-grant proceedings (including *inter partes* proceedings, post-grant review, covered business method review, or *ex parte* reexamination) before the United States Patent and Trademark Office, or corresponding proceedings before any foreign patent authority) are prohibited from viewing material designated Confidential;

d. court reporters, court videographers, and similar transcription services and their support staff (this category hereinafter referred to as "Court Reporters");

e. any expert or consultant (including all Non-Party personnel and support staff assisting such expert or consultant, but not the entity itself by which such expert or consultant and assisting personnel are employed) who is retained by or for the benefit of any of the Parties in these Actions to assist counsel in these Actions (this category hereinafter referred to as "Experts"), provided that the expert or consultant has executed a Declaration in the form annexed hereto as Exhibit A"). Before any independent consultant or expert with expertise in the research, development, marketing, or approval of pharmaceuticals who has within the last three (3) years worked or consulted for brand or generic pharmaceutical manufacturers regarding marketing or development of, or obtaining of approval of, pharmaceutical products—which specifically does

not include any trial consultants, graphic or audiovisual consultants, or economic experts ("Pharmaceutical Expert or Consultant")—is afforded access to another Party's Confidential Material, the identity and current resume or curriculum vitae of the Pharmaceutical Expert or Consultant shall be furnished to all Parties, along with a copy of an executed Exhibit A. These materials may be provided at any time after this Order is signed by the Parties. No Confidential Material shall be disclosed to such Pharmaceutical Expert or Consultant until after the expiration of a seven (7) business day period commencing upon the furnishing to all Parties' counsel of the identity and current resume or curriculum vitae of the expert ("Pharmaceutical Expert Notice"). If, within seven (7) business days of the furnishing of a Pharmaceutical Expert Notice, any Party objects in writing and with an explanation of the basis for the objection to the proposed disclosure to the Pharmaceutical Expert or Consultant, the Parties shall then have three (3) additional business days after an objection is raised to use good-faith efforts to reach an agreement regarding the proposed disclosure to the expert, during which period of time disclosure of Confidential Material may not be made absent an agreement. If agreement cannot be reached, the Party objecting to disclosure may apply to the Court for relief within five (5) business days after it is determined that an agreement cannot be reached. The burden shall be on the objecting Party to show the Court good cause why the disclosure should not be made. In the event an application is made to the Court, however, the materials will continue to be treated as Confidential Material in accordance with this Order during the time the Court considers the application and will not be disclosed to the Pharmaceutical Expert or Consultant;

      f.     any mediators engaged by the Parties, and their support staff;

      g.     any person who prepared, received, or reviewed the Confidential Material prior to its production in these Actions or whose conduct is depicted therein, provided (a) it appears on the

face of the document or from other evidence that the person prepared, received, or reviewed the Confidential Material or that his or her conduct is depicted therein; (b) the Party wishing to make the disclosure has received permission from the Designating Party; (c) the person is an employee of the Designating Party or a former employee of the Designating Party (if they were employed by the Designating Party when the material was created or if they had an authorized right of access to the document in the ordinary course of that employment); or (d) the person has been designated as a Rule 30(b)(6) witness by the Designating Party; and

h.      any deponent or witness of the Designating Party, during the course of his/her sworn testimony in the Actions.

4.      **Disclosure of Highly Confidential Materials.**  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, disclosure of Highly Confidential Materials may be made only to:

a.      the Court, its secretaries, clerks, law clerks, and other support staff;

b.      Outside Counsel (as defined in Paragraph 3(b) above), to the extent such persons' duties and responsibilities require access to Highly Confidential Material;

c.      Court Reporters (as defined in Paragraph 3(d) above);

d.      Experts (as defined in Paragraph 3(e) above), and subject to all of the restrictions and conditions set forth in that paragraph;

e.      any mediators engaged by the Parties, and their support staff;

f.      any person who prepared, received, or reviewed the Highly Confidential Material prior to its production in these Actions or whose conduct is depicted therein, provided (a) it appears on the face of the document or from other evidence that the person prepared, received, or reviewed the Highly Confidential Material or that his or her conduct is depicted therein; (b) the

11

Party wishing to make the disclosure has received permission from the Designating Party; (c) the person is an employee of the Designating Party or a former employee of the Designating Party (if they were employed by the Designating Party when the material was created or if they had an authorized right of access to the document in the ordinary course of that employment);  or (d) the person has been designated as a Rule 30(b)(6) witness by the Designating Party and

g. any deponent or witness of the Designating Party, during the course of his/her sworn testimony in the Actions, unless otherwise prohibited from receiving or accessing the information.

5.    **Requests to Disclose Confidential and Highly Confidential Materials.** If a Party seeking to disclose Confidential or Highly Confidential Material to a person not authorized access to such documents pursuant to Paragraphs 3, 4, or 13 herein provides counsel for the Designating Party with advance written notice, via electronic mail/PDF, or hand delivery, at least three (3) business days before disclosure, that states the identity of the material for which disclosure is sought and the identity of the individual to whom disclosure would be made, counsel for the Designating Party may challenge the proposed disclosure of material pursuant to this provision, by providing counsel for the Party seeking disclosure with a written objection, via electronic mail/PDF or hand delivery, within two (2) business days thereafter. If a written objection is made, the Party seeking disclosure shall not proceed with disclosure unless authorized to do so pursuant to the procedures described in Paragraph 6 below.

6.    **Challenge to Designation.** A Party shall not be obligated to challenge the propriety of a confidentiality designation at the time the designation is made.  A Party may challenge a confidentiality designation or insufficient designation at any time (including without limitation designations pursuant to Paragraph 1(e)), and a Party's failure to have made such a challenge at any previous time shall not prejudice its right to do so.

Any Party wishing to challenge the "Confidential" or "Highly Confidential" designation assigned by another Party or other person ("Objecting Party") with respect to any material shall give notice by email or other written communication of such objection to counsel for the Designating Party. The Designating Party shall respond in writing within seven (7) business days of this notification and explain the grounds for asserting that the document or information is Confidential or Highly Confidential. If the Designating Party does not respond in writing within seven (7) business days of the notification, the materials shall be presumptively determined to be non-Confidential Information. If the Designating Party makes a timely response, counsel shall confer in good faith in an effort to resolve the dispute.

If no resolution is reached, the Objecting Party may move the Court for an order removing such Protected Material from the restrictions of this Protective Order, and any papers filed in support of or in opposition to said motion shall, to the extent necessary, be filed under seal to preserve the claimed confidentiality of the material. Upon the filing of such a motion, the burden rests upon the Designating Party to demonstrate the propriety of such designation. Until the Parties or the Court resolves a challenge to the designation of "Confidential" or "Highly Confidential" Material, the original designation shall remain in full force and effect.

7. **Handling of Confidential and Highly Confidential Materials.** Persons who have been shown Confidential or Highly Confidential Material pursuant to this Protective Order and have not otherwise obtained or maintained the material in the normal course of business shall not retain copies of such Protected Material. Within sixty (60) days after such time as these Actions are concluded, whether by final adjudication on the merits (including any appeals related thereto) or by other means, or such other time as the Designating Party may agree in writing, counsel will, at their option, return or undertake commercially reasonable efforts to destroy all

13

Confidential or Highly Confidential Material (including but not limited to copies in the possession or control of any Expert or employee).  If any Receiving Party opts to destroy the Confidential Information in accordance with the preceding sentence, such Receiving Party shall certify in writing to the Designating Party that all such material has been destroyed to the extent practicable. As to those materials that contain, reflect, incorporate, attach, or reference attorney work product, counsel of record for the Parties shall be entitled, without violating this Protective Order, to retain such work product in their files, so long the terms of this Protective Order will continue to govern any such retained materials.  In addition, counsel shall be entitled, without violating this Protective Order, to retain pleadings, affidavits, motions, briefs, expert reports (and exhibits thereto), correspondence (including internal correspondence and e-mail), any other papers filed with the Court (including exhibits), deposition transcripts, and the trial record (including exhibits) even if such materials contain Confidential Material or Highly Confidential Material, so long as this Protective Order will continue to govern any such retained materials. The Receiving Party's commercially reasonable efforts shall not require the return or destruction of materials that (a) are stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes; (b) are located in the email archive system or archived electronic files of departed employees; or (c) are subject to legal hold obligations.  Backup storage media need not be restored for purpose of returning or certifying destruction of materials, but any such materials retained in backup storage media shall continue to be treated in accordance with this Protective Order.   The Parties and their respective representatives, attorneys, experts, consultants, and vendors, including off-site hosting litigation support service providers, shall thereafter be prohibited from restoring such deleted copies, including electronic files, through the employment of "undelete" software and other similar computer forensic techniques, except to the extent

required by a disaster recovery program that requires the restoration of data from otherwise inaccessible media.   Nothing in this Paragraph shall obligate any Party to destroy its own Confidential Information at the close of these Actions or at any other time.

8.   **Inadvertent Production of Privileged Documents.**   This topic is addressed in the Stipulated Federal Rule of Evidence 502(d) Order.

9.   **Inadvertent Failure to Designate.** In the event that Confidential Information is produced without having been previously marked "Confidential" or "Highly Confidential," the Party in receipt of that material shall, upon a written request from the Designating Party, treat and preserve such document, paper, or thing in accordance with the confidentiality designation that the Designating Party states should have been affixed to it.  The Designating Party must then, within ten (10) days of its written request, or such other time as agreed by the parties, re-produce the document, paper, or thing with the appropriate confidentiality designation.  The Receiving Party will then replace the incorrectly designated materials with the newly designated materials and shall, within ten (10) days of receipt of the replacement set, return the non-designated material, or confirm in writing that it has destroyed all copies of it.  The inadvertent failure of a Party or person to designate a document as "Confidential" or "Highly Confidential" at the time of production shall not be deemed a waiver of the protections afforded by this Order, either as to specific information in the document or as to any other information relating thereto or on the same or related subject matter.  No Party shall be deemed to have violated this Stipulated Protective Order if, prior to notification of any later designation, such material has been disclosed or used in a manner inconsistent with the later designation.  Once a designation is made, however, the relevant documents or materials shall be treated as "Confidential" or "Highly Confidential" in accordance with this Protective Order.  If material inadvertently not designated is, at the time of the later

15

designation, already filed with a court on the public record, the Party or person that failed to make the designation shall move for appropriate relief.

10.     **Inadvertent Disclosure of Material by Receiving Party**. If a Party receiving Confidential or Highly Confidential Materials learns that, by inadvertence or otherwise, it has disclosed the Confidential Information to any person or in any circumstance not authorized under this Order, the Receiving Party must, as soon as is practicable but no later than within three (3) business days: (a) notify in writing the Designating Party of the unauthorized disclosure; (b) use its best efforts to retrieve all copies of the protected materials; and (c) inform the person or persons to whom unauthorized disclosures were made, to the extent the person or persons are identifiable, of all the terms of this Order and have the person or persons execute a Declaration in the form annexed hereto as Exhibit A. If Confidential Information is used inadvertently during depositions in contravention of other provisions of this Order, it shall not lose its confidential status through such use, and counsel shall exercise their best efforts and take all steps reasonably required to protect its confidentiality during such use.  If such information is inadvertently disclosed to a deposition witness, and the witness has testified concerning that information, the witness may be examined and cross-examined with respect to the document(s) or information disclosed for the remainder of the deposition.

11.     **Obligations to Non-Parties.** If otherwise discoverable information sought in a discovery request implicates a Producing Party's obligation to a Non-Party not to disclose such information, the Producing Party shall:

a.     Timely serve a written objection to the production of such information on the basis of its obligation to a Non-Party not to disclose the information; and

b.      Within seven days of receiving a discovery request that expressly seeks a Non-Party's confidential information or discovering that confidentiality obligations to a Non-Party are implicated by a discovery request, provide the Non-Party written notice of the pending request and a copy of this Order.

c.      Such Non-Party shall have the longer of 1) thirty (30) days from the date of the written notice; 2) the date on which the Producing Party's written responses are due; or 3) as otherwise agreed by the Parties to either resolve the matter with the Parties or file a motion with the appropriate court seeking appropriate relief.  If no such motion is filed by the Non-Party, the Producing Party shall promptly produce the materials upon resolution of any other objections (and subject to any appropriate designations under the terms of this Order or as stipulated between the Parties to these Actions).

d.      Notwithstanding the foregoing, nothing in this Paragraph shall be deemed to prohibit, hinder, or otherwise affect any Party's ability to raise any objections on any basis to requests for discovery.

12.     **Information from Non-Party Sources.** To the extent that any discovery requests are served on a Non-Party, the Party serving the discovery request(s) shall, at the time of service, provide the Non-Party with a copy of this Protective Order.  A Non-Party may designate Confidential or Highly Confidential Material pursuant to the provisions of this Order.  Documents produced in these Actions by Non-Parties that consist of or contain portions of documents originally created or generated by a Party shall be treated as Highly Confidential until the expiration of a fifteen- (15-) day period after the production in these Actions.  During that fifteen-(15-) day period, if any Party believes a Non-Party has produced information from that Party which the Party believes should be designated as Confidential or Highly Confidential, that Party

17

may notify the Non-Party and the other Parties that the Non-Party may have inadvertently failed to designate the information as Confidential or Highly Confidential. The Non-Party may then correct the designation as provided in Paragraph 9. Nothing in this Paragraph shall prevent a Party from treating as Non-Confidential Material during the 15-day period documents produced by Non-Parties that are publically available.

Furthermore, the Parties agree to meet and confer about the use of specific documents produced by Non-Parties if, either during the 15-day review/notification period (discussed above) or the 10-day post-notification period during which the Non-Party may redesignate the challenged documents (Paragraph 9), one of the Parties would like to use such documents for a deposition, briefing, or other time-sensitive use.

### 13.   Use in Court Proceedings

a.    If any Party intends to introduce "Confidential" or "Highly Confidential" information into evidence or otherwise use such material at trial or a hearing, that Party shall provide notice to all other Parties before such trial or hearing, and not oppose a request to close the courtroom or for other reasonable measures to protect the confidential nature of the "Confidential" or "Highly Confidential" information to be taken. The Parties agree to meet and confer within one week following any hearing or trial at which "Confidential" or "Highly Confidential" material was used to discuss whether any document or portion of any document should retain its designated status. Any requests to retain the "Confidential" or "Highly Confidential" designation of all or a portion of the materials used in an open proceeding shall be filed within fourteen (14) days following the proceeding or at such other time as ordered by the Court. Nothing in this provision shall be interpreted to suggest that a Receiving Party concedes that the designation of any information as "Confidential" or "Highly Confidential" is appropriate.

18

b.      Nothing in this Order shall prevent any Party from examining as witnesses—during depositions, at hearings, or at trial—persons to whom disclosure of Confidential Information is not otherwise authorized under this Order, provided that the examination concerns Confidential Information that the witness previously had actual lawful access to or prior knowledge of, as demonstrated by the document itself or by foundational testimony from any witness. Nothing in this Order shall prevent counsel from examining a witness to determine whether he or she has prior knowledge of Confidential Information, so long as the examination shall be in a manner that does not disclose the details of the Confidential Information. Any Confidential or Highly Confidential Material so used shall not lose its confidential status through such use and its confidentiality shall be protected in conformance with this Order.

14.      **Filing Confidential and Highly Confidential Material with the Court**. The Parties shall cooperate to avoid or minimize the need to file pleadings under seal, while also cooperating to avoid the public disclosure of Confidential or Highly Confidential Material. On those occasions when filing under seal is unavoidable because it includes documents or information designated as Confidential or Highly Confidential, then the filing Party shall file with the Court a "Notice of Filing Under Seal" simultaneously with the filing to be sealed. The filing Party shall file the papers in a sealed envelope or other appropriate sealed container on which shall be endorsed the title of the Actions; an indication of the nature of the contents of such sealed envelope or other container; the phrase "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," as appropriate; and a statement substantially in the following form: "This envelope or container shall not be opened without order of the Court, except by officers of the Court and counsel of record, who, after reviewing the contents, shall return them to the clerk in a sealed envelope or container.

Violation may be regarded as contempt of the Court." All such materials so filed shall be released only upon further order of the Court or agreement of the Parties. The sealed version of the filing shall be served upon all of the Parties contemporaneous with the sealed filing. Within three (3) business days after filing Confidential Material or Highly Confidential Material under seal pursuant to this Paragraph, the Designating Party whose designations caused the filing to be filed as a "Notice of Filing Under Seal" shall provide the filing Party with a proposed redacted version of the submission. Each Designating Party is only responsible for proposing redactions of Confidential Material or Highly Confidential Material that it designated itself. Any Party objecting to the filing of the proposed redacted submission must inform the filing and Designating Parties within two (2) business days of receipt of the proposed submission and, in doing so, identify any modifications to the proposed redactions. The Designating Party must accept, reject, or negotiate the requested modifications within two (2) business days of receiving the proposal. If no agreement is reached within fourteen (14) days after filing Confidential Material or Highly Confidential Material under seal pursuant to this Paragraph, the Party seeking to redact and keep under seal the broader amount of information must file a motion with the Court explaining why the broader proposed redactions are material that should be filed only under seal. To the extent there is any dispute or challenge, including any raised by the Court or third parties, regarding the propriety of the redactions, appropriateness of any Confidential or Highly Confidential designations, and/or the filing Party's Notice of Filing Under Seal, the burden of establishing the propriety of such designations or filing under seal, rests with the Designating Party. If agreement is reached, the filing Party shall electronically file with the Court, for its public file, a submission that incorporates the redactions. Any Confidential or Highly Confidential Material produced by Non-Parties pursuant to this Order shall also be redacted from any public electronic filing.

15.     **Non-Disclosure of Certain Information Regarding Expert Witnesses.**

a.      No subpoenas (for depositions or documents) need be served on any Rule 26(a)(2)(B) or Rule 26(a)(2)(C) expert in this case.  Instead, the Party or Parties retaining such expert will make him or her available for deposition, at a time mutually agreed to by the Parties.  In addition, the Party or Parties retaining an expert from whom a report is provided will make all requisite disclosures within three (3) business days of service of the expert report at issue.  If an expert is required to submit a report pursuant to Rule 26(a)(2)(B), the deposition of such expert will be conducted after the report is served.  If a testifying expert (as opposed to a consulting expert) is not required to submit a report pursuant to Rule 26(a)(2)(C), the deposition of such expert will be conducted within 30 days of that expert's disclosure. If such an expert has already been deposed as a fact witness, he or she may be deposed again in his or her expert capacity.

b.      Within three (3) business days of service of a report, the Party submitting such report shall produce: (i) the data, facts or other information relied upon by the expert in forming the expert witness's opinions; (ii) any exhibits that will be used to summarize or support the expert witness's opinions; (iii) the expert witness's qualifications, including a list of all publications authored in the previous 10 years; (iv) a list of all other cases, during the previous four years, where the expert witness has testified as an expert at trial or by deposition; and (v) a statement of the compensation to be paid for the study and testimony in this case.  To the extent such disclosures include charts, tables, exhibits, information or data processed or modeled by computer at the direction of a disclosed testifying expert in the course of forming the expert's opinions, machine-readable copies of the exhibits, information, or data (including all linked data files, input and output files, formulas contained within spreadsheet cells and similar electronic information necessary to understand the charts, tables, exhibits, information, or data) sufficient to

allow the replication of all analysis contained in the report, where applicable, along with appropriate computer programs and instructions necessary to access and use the data (unless such computer programs are reasonably and readily commercially available) shall also be provided with such disclosures.  Information gleaned from websites and third-party sources that are not readily available shall also be provided with such disclosures.

       c.     The below-listed categories of documents, recording media, and communications need not be disclosed by any Party and an expert may not be examined at deposition, hearing, or trial on the contents of the below-listed categories of documents, recording media, and communications: (i)  any notes or other writings taken or prepared by or for an expert witness in connection with this matter (aside from the final written expert report(s) and notes generated while testifying), including (a) written correspondence or memoranda to or from, and notes of conversations between and among the expert witness and (1) the expert's assistants and/or support staff, (2) other expert witnesses or non-testifying expert consultants, including their staffs, or (3) attorneys for the Party or Parties, including their staffs, and/or (b) copies of materials produced by any Party in these Actions bearing the notes, markings, or comments of the expert, the expert's assistants and/or support staff, other expert witnesses or non-testifying expert consultants (including their staffs), or attorneys for the Party or Parties (including their staffs); (ii) any draft reports, draft studies, draft work papers, draft declarations, or other draft materials prepared by, for, or at the direction of an expert witness, regardless of the form in which the draft is recorded; and (iii) any oral or written communication between and among an expert witness and the expert's respective assistants and/or support staff, other expert witnesses or non-testifying expert consultants (including their staffs), or attorneys for the Party or Parties (including their staffs),

regardless of the form of the communications, except to the extent the communications relate to compensation for the expert's work or testimony in this case.

d.      The foregoing exclusions from discovery set forth in subparagraph (c) do not apply to any communications, documents, data sets, or analyses upon which an expert specifically relies as a basis for his or her ultimate opinion.

e.      Without varying the above paragraphs, examination shall be permitted on alternative analyses, methodologies, or approaches to issues on which the expert is testifying, regardless of whether the expert considered them in forming the expert's opinions, and on any matter not excluded from disclosure by the terms of this Stipulated Protective Order.

f.      Except as provided under Rule 26(b)(4)(D), no Party may, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial, without the express written consent and authorization of the Party employing such expert.

16.      **Further Application.** Nothing in this Order shall preclude any Party, or any Non-Party from whom discovery has been requested, from applying to the Court for additional or different protective provisions with respect to specific material if the need should arise during these Actions.  The Court shall retain jurisdiction over the Parties, and over any person executing an undertaking to be bound by the terms of this Order, during the pendency of these Actions and for such time thereafter as is needed to carry out the terms of this Order.

17.      **Reservation of Rights.**

a.      By designating any material "Confidential" or "Highly Confidential," the Parties do not acknowledge that any such material is relevant or discoverable in these Actions.  All Parties

reserve the right to seek discovery of, or alternatively to resist discovery of, such material in these Actions.

b.      Nothing in this Stipulated Protective Order shall prohibit a Party from using or disclosing publicly available or independently discovered information, unless the Party is aware that the information has become public improperly or inadvertently.

18.     **Modification by the Court or the Parties**. The Court retains the right to modify this Stipulated Protective Order.  Furthermore, nothing herein shall prejudice the right of the Parties to stipulate (subject to Court approval), or to move to amend or modify this Protective Order for good cause.

19.     **Use by Party of Its Own Materials**. Nothing in this Stipulated Protective Order shall prevent a Party from using its own Confidential or Highly Confidential Materials in any way that it sees fit, without prior consent of any person or the Court, provided that public disclosure by a Party of its own document shall constitute the Party's waiver of the designation of that document for its use by any Party in these Actions.

20.     **Violations.** The Court has jurisdiction to enforce this Order and to grant relief, as authorized by law or in equity, for any violations thereof.

SO ORDERED.


Dated: _Navember 22_, 2016                     _[signature]_
                                               The Honorable Denise J. Casper
                                               United States District Judge

So stipulated and agreed to by the Parties, October 5, 2016.

/s/ Peter J. Carney
J. Mark Gidley (PHV)
Peter J. Carney (PHV)
Eileen M. Cole (PHV)
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355
mgidley@whitecase.com
pcarney@whitecase.com
ecole@whitecase.com

Jack E. Pace III (PHV)
Alison Hanstead (PHV)
WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
jpace@whitecase.com
ahanstead@whitecase.com

Kevin C. Adam (BBO # 684955)
WHITE & CASE LLP
75 State Street, Floor 24
Boston, MA 02109
Telephone: (617) 979-9300
Facsimile: (617) 979-9301
kevin.adam@whitecase.com

*Counsel for Allergan plc, Allergan, Inc.,*
*Allergan USA, Inc., Allergan Sales, LLC,*
*Warner Chilcott Limited, Warner Chilcott (US),*
*LLC, Warner Chilcott Sales (US), LLC, and*
*Warner Chilcott Company, LLC*

/s/ Lauren Guth Barnes
Thomas M. Sobol (BBO #471770)
David S. Nalven (BBO #547220)
Lauren Guth Barnes (BBO #663819)
Kiersten A. Taylor (BBO #681906)
HAGENS BERMAN SOBOL SHAPIRO LLP

/s/ Nathaniel Orenstein
Glen DeValerio (BBO #122010)
Nathaniel Orenstein (BBO #664513)
BERMAN DEVALERIO
One Liberty Square
Boston, MA 02109
Tel: (617) 542-8300
Fax: (617) 542-1194
gdevalerio@bermandevalerio.com
norenstein@bermandevalerio.com

Todd A. Seaver (BBO #645874)
BERMAN DEVALERIO
One California Street, Suite 900 San
Francisco, CA 94111
Tel: (415) 433-3200
Fax: (415) 433-6382
tseaver@bermandevalerio.com

*Liaison Counsel for the Proposed End-Payor*
*Class*

Tyler W. Hudson
Eric D. Barton
David Barclay
WAGSTAFF & CARTMELL, LLP
4740 Grand Avenue, Ste. 300
Kansas City, MO 64112
T: (816) 701-1100
F: (816) 531-2372
thudson@wagstaffcartmell.com
ebarton@wagstaffcartmell.com
dbarclay@wagstaffcartmell.com

Kenneth A. Wexler
Bethany R. Turke
Justin N. Boley
Adam Prom
WEXLER WALLACE LLP
55 W. Monroe Street, Suite 3300
Chicago, IL 60603

55 Cambridge Parkway, Suite 301
Cambridge, Massachusetts  02142
Tel: 617-482-3700
Fax: 617-482-3003
tom@hbsslaw.com
davidn@hbsslaw.com
lauren@hbsslaw.com
kierstent@hbsslaw.com

Bruce E. Gerstein
Joseph Opper
Dan Litvin
GARWIN GERSTEIN & FISHER LLP
88 Pine Street, 10th Floor
New York, NY 10005
Tel: (212) 398-0055
bgerstein@garwingerstein.com

Peter Kohn
Joseph T. Lukens
Neill W. Clark
FARUQI & FARUQI, LLP
101 Greenwood Avenue, Suite 600
Jenkintown, PA 19046
Tel: (215) 277-5770
pkohn@faruqilaw.com
jlukens@faruqilaw.com
nclark@faruqilaw.com

Steve D. Shadowen
D. Sean Nation
Matthew C. Weiner
HILLIARD & SHADOWEN LLP
919 Congress Ave., Suite 1325
Austin, TX 78701
Tel: (512) 993-3070
steve@hilliardshadowenlaw.com
sean@hilliardshadowenlaw.com
matt@hilliardshadowenlaw.com

T: (312) 346-2222
kaw@wexlerwallace.com
brt@wexlerwallace.com
jnb@wexlerwallace.com
ap@wexlerwallace.com

*Interim Co-Lead Counsel for the Proposed
End-Payor Class*

Daniel E. Gustafson
Karla M. Gluek
Michelle J. Looby
Joshua J. Rissman
GUSTAFSON GLUEK PLLC
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
T: (612) 333-8844
F: (612) 339-6622
dgustafson@gustafsongluek.com
kgluek@gustafsongluek.com
mlooby@gustafsongluek.com
jrissman@gustafsongluek.com

Jeffrey L Kodroff
William G. Caldes
John A. Macoretta
SPECTOR ROSEMAN KODROFF &
WILLIS, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
T: (215) 496-0300
F: (215) 496-6611
jkodroff@srkw-law.com
bcaldes@srkw-law.com
jmacoretta@srkw-law.com

Peter J. Mougey (FL #0191825)
LEVIN, PAPANTONIO, THOMAS,
MITCHELL, RAFFERTY & PROCTOR,
P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
T: (850) 435-7000
F: (850) 435-7020
pmougey@levinlaw.com

26

*Interim Co-Lead Counsel for the Proposed Direct Purchaser Class*

Jonathan D. Karmel
KARMEL LAW FIRM
221 N. LaSalle Street, Suite 1307
Chicago, IL 60601
T: (312) 641-2910
jon@karmellawfirm.com

Karen Hanson Riebel
Heidi M. Silton
LOCKRIDGE GRINDAL NAUEN PLLP
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
T: (612) 339-6900
F: (612) 339-0981
khriebel@locklaw.com
hmsilton@locklaw.com

William H. London
FREED KANNER LONDON &
MILLEN LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
T: (224) 632-4500
F: (224) 632-4521
blondon@fklmlaw.com

Christian M. Sande
CHRISTIAN SANDE LLC
310 Clifton Avenue, Suite 300
Minneapolis, MN 55403
T: (612) 387-1430
F: (612) 677-3078
christian@christiansande.com

*Attorneys for Plaintiffs and the Proposed Class*